UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS MARTIN BAEZ BAEZ,<br><br>    Defendant. | CASE NO. MJ24-416<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f) and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged with conspiracy to distribute controlled substances, and there is thus a presumption that he is both a flight risk and a danger to the community. The Court finds Defendant has not overcome this presumption and shall be detained.

Defendant is a citizen of Mexico and has lived in both the United States and Mexico. He requests release to live in Oregon with a girlfriend and their daughter though he could not recall their address. Defendant also has relatives that live in Western Washington. It does not appear he has any ties to this district, and he claims to have resided in Oregon for several years. While he has family members in the Pacific Northwest, this positive factor is outweighed by several

DETENTION ORDER - 1

negative factors. Defendant is charged with an offense that carries a mandatory minimum of ten years of imprisonment if he is convicted as charged. This lengthy term of imprisonment provides ample reason to flee, especially given Defendant's lack of ties to the district or the United States. Additionally, Defendant does not have legal standing here in the Untied States. If convicted of the current offenses, he faces almost certain removal. He has no incentive to remain in the county and a great incentive to leave in order to avoid a lengthy prison sentence. The evidence against Defendant is strong, as he was arrested during a drug transaction. The allegations also indicate that the offense ranges significant geographic areas and is not a small or isolated incident.

The Court notes Defendant's argument he cannot be detained because of his immigration status or possibility or removal by immigration authorities. The Court does not detain for this reason. Rather, the Court detains because Defendant has great incentive to flee and avoid a lengthy prison sentence given the fact that he faces removal for conviction of the charged offense. It is this incentive that the Court finds supports detention, not Defendant's immigration status or removability.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined

DETENTION ORDER - 2

shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

  (4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

  DATED this 16th day of July, 2024.

                _____
                BRIAN A. TSUCHIDA
                United States Magistrate Judge

DETENTION ORDER - 3